EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico Recurrido v. Eric Encarnación Santos Peticionario | Certiorari 2000 TSPR 37 |
|---|---|

Número del Caso: CC-2000-0068

Fecha: 03/03/2000

Tribunal de Circuito de Apelaciones: Circuito Regional VII

Juez Ponente: Hon. Efraín E. Rivera Pérez

Abogados de la Parte Peticionaria: Lcdo. Samuel Nieves Rodríguez

Oficina del Procurador General:    Lcda. Eva Samantha soto Castello
                                   Procuradora General Auxiliar

Materia: Ley de Armas

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                           CC-2000-68       CERTIORARI

Eric Encarnación Santos

    Acusado-peticionario

OPINION DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LOPEZ

San Juan, Puerto Rico, a 3 de marzo de 2000

Por hechos ocurridos el día 31 de agosto de 1998, el ministerio público radicó varios pliegos acusatorios contra el aquí peticionario Eric Encarnación Santos, ante la Sala Superior de Carolina del Tribunal de Primera Instancia, en los cuales le imputó a éste la supuesta comisión de los delitos de Asesinato en Primer Grado, Escalamiento Agravado, y varias infracciones a la Ley de Armas de Puerto Rico.

Celebrado el correspondiente acto de lectura de acusación, y habiendo sido señalado los casos para juicio en su fondo, la defensa del peticionario radicó ante el tribunal de instancia un escrito intitulado "moción sobre

incapacidad mental del imputado", escrito en el cual, en síntesis y en lo pertinente, alegó que tenía "...serias dudas sobre el estado y capacidad mental del imputado tanto al momento de los hechos como en la actualidad..."; razón por la cual solicitó de dicho tribunal que refiriera "...al acusado Eric Encarnación Santos, para ser evaluado con relación a su capacidad mental al momento de los hechos que se [le] imputan en el caso de epígrafe y al presente".

El tribunal de instancia señaló una vista. En la misma, el aquí peticionario "amplió", por decirlo así, lo solicitado, alegando que tenía derecho a que se le permitiera "...contratar un perito psiquiatra particular con cargo al Estado, que lo asesore en la preparación y presentación de su defensa de insanidad mental". Luego de escuchar los distintos argumentos de las partes, el tribunal de instancia: ordenó que el peticionario Encarnación Santos debía "...ser sometido a evaluación, a los efectos de determinar su estado y capacidad mental al momento de la comisión de los hechos imputádoles"; que esta evaluación "...deberá ser llevada a cabo por un perito del Estado, diferente al que lo evaluara para la determinación de procesabilidad"; y, finalmente, por "...entender el Tribunal que no procede el nombramiento de un perito particular con cargos a la Administración de los Tribunales, se declara NO HA LUGAR la solicitud a esos efectos." (Enfasis suplido.)

Inconforme, acudió el aquí peticionario ante el Tribunal de Circuito de Apelaciones, vía certiorari, en

solicitud de revisión de lo decretado por el foro de instancia. En el escrito que, a esos efectos, radicó ante el foro apelativo intermedio le imputó al tribunal de instancia haber errado "...al negarse a autorizar a la defensa a contratar, con cargo al Estado, a un perito psiquiatra, que además de evaluar la condición mental del acusado sirviese de asesor a la defensa en todas las etapas de preparación y presentación de la defensa de inimputabilidad".

El Tribunal de Circuito, mediante resolución de fecha 17 de diciembre de 1999, <u>denegó</u> la expedición del auto de certiorari radicado. Razonó dicho foro, en síntesis y en lo pertinente, que "...la determinación del tribunal a quo de nombrar un perito para que evaluara al aquí peticionario, que fuera diferente al que lo examinaría para efectos de la determinación sobre su procesabilidad, es una razonable que cumple, en este momento de los procedimientos, con salvaguardar el derecho de éste de tener acceso a ser evaluado psiquiátricamente por un experto en la materia que sea neutral a la controversia planteada".

En vista a dicha determinación, acudió Eric Encarnación Santos ante este Tribunal en revisión, vía certiorari, de la decisión emitida por el Tribunal de Circuito de Apelaciones imputándole al foro apelativo intermedio haber errado:

> "...al confirmar la Resolución del Honorable Tribunal de Primera Instancia, negansado (sic) a <u>distringuir</u> (sic) entre un perito designado por el Tribunal a los fines de la evaluación de la capacidad mental de un acusado, y un perito <u>colaborador de la Defensa</u> en la preparación y presentación de su caso; colaboración que aún cuando parte de la evaluación de dicha capacidad

mental incluye además un asesoramiento en cuanto a posibles méritos de la misma, manera más efectiva de presentarla de la forma más favorable a la Defensa, y la presentación efectiva de la misma, asesoramiento y colaboración que están disponibles para el acusado económicamente pudiente no así para un acusado indigente al que se le ha designado un abogado de oficio."

Resolvemos, sin ulterior trámite, el recurso radicado, al amparo de las disposiciones de la Regla 50 de nuestro Reglamento.

## I

Aun cuando compartimos, _parcialmente_, el criterio del Tribunal de Circuito de Apelaciones a los efectos de que la determinación tomada por el tribunal de instancia es una razonable que cumple con salvaguardar el derecho de éste de tener acceso a ser evaluado psiquiátricamente por un experto en la materia, somos de la opinión que dicha determinación debe ser _modificada_ para que, en lugar de disponer que el psiquiatra que debe examinar al peticionario sea "un perito del Estado", como dispuso el tribunal de instancia, el mismo sea un perito del tribunal, _esto es, uno designado por el tribunal que no labore para el Gobierno de Puerto Rico_. _Véase_: _Pueblo_ v. _Pérez Velázquez_, Res. el 19 de marzo de 1999, 99 TSPR 25.[1] _Veamos por qué_.

Conforme a la práctica o procedimiento que se lleva a cabo, normal y corrientemente, a nivel del tribunal de instancia en el campo de lo penal, cuando un imputado de

---

[1] 99 J.T.S. 30.

delito alega que no está en estado procesable para ser sometido a juicio[2], el tribunal de instancia designa, de ordinario, a un psiquiatra --que es empleado del Departamento de Salud de Puerto Rico-- que examina al acusado y declara sobre la procesabilidad de éste para ser sometido a enjuiciamiento. Aun cuando, de ordinario, este perito del Estado es el único que testifica en esta clase de procedimiento, nada impide, naturalmente, que el acusado pueda presentar su propio perito psiquiatra, viniendo el tribunal de instancia en la obligación de hacer su determinación, sobre si el acusado debe o no ser procesado, a base de toda la prueba presentada. El hecho de que, en la mayoría de los casos, el tribunal tome esa determinación, a base únicamente del testimonio prestado por el perito del Estado, no violenta ningún derecho del acusado. Ello en vista del hecho de que no se está lidiando con la defensa de locura como tal; meramente se está emitiendo juicio sobre si el acusado está o no apto para ser procesado, situación que

---

[2] Véase: Regla 240 de las de Procedimiento Criminal. Esta disposición reglamentaria establece, en su Inciso (a) que:

> "(a) Vista: peritos. En cualquier momento después de presentada la acusación o denuncia y antes de dictarse la sentencia, si el tribunal tuviere base razonable para creer que el acusado está mentalmente incapacitado, inmediatamente suspenderá los procedimientos y señalará una vista para determinar el estado mental del acusado. Deberá el tribunal designar uno o varios peritos para que examinen al acusado y declaren sobre su estado mental. Se practicará en la vista cualquier otra prueba pertinente que ofrezcan las partes."

le compete directamente a las Ramas Ejecutivas y Judicial de nuestro Gobierno.

Distinta, naturalmente, es la situación cuando el examen psiquiátrico a realizarse está encaminado a determinar si el acusado, al momento de la supuesta comisión de los hechos, era o no inimputable, esto es, cuando lidiamos ya propiamente con la defensa de insanidad mental, regulada la misma por la Regla 74 de las de Procedimiento Criminal. En esta clase de situación, de ordinario, el imputado de delito contrata su propio perito psiquíatra para testificar al respecto.

Nos enfrentamos, en el presente caso, a la particular situación de un acusado, alegadamente indigente, que reclama el derecho a presentar la defensa de insanidad mental y que alega que no puede contratar los servicios de un perito psiquiatra en la práctica privada de la profesión por razón de su indigencia; éste, naturalmente, no puede ser "penalizado" por su personal situación económica y tiene derecho, al igual que cualquier otro imputado de delito, a tener una adecuada defensa.

Somos del criterio que, en esta clase de situaciones, los tribunales de instancia deben, en primer lugar, celebrar una vista para determinar si efectivamente el acusado es indigente. De así determinarlo, entonces, el tribunal debe designar un profesional de la salud, especialista en psiquiatría, que no labore para el Gobierno de Puerto Rico, para que examine al imputado y asesore y ayude a éste en la

presentación de la prueba sobre insanidad mental y, naturalmente, testifique durante el proceso a ser celebrado. En otras palabras, <u>no</u> creemos adecuado que sea un perito del Estado el que deba ser designado en esta clase de situaciones; el aparente conflicto de intereses no lo hace conveniente.

Debe quedar claro, sin embargo, que en esta clase de situaciones el acusado <u>no</u> tiene derecho a que se designe un perito de su <u>personal selección</u> a ser pagado por el Estado. Como expresara el Tribunal Supremo de los Estados Unidos, en <u>Ake</u> v. <u>Oklahoma</u>, 470 U.S. 68 (1985), un acusado indigente no tiene un derecho constitucional a escoger o seleccionar el psiquíatra de su predilección, como tampoco tiene derecho a que se le provean fondos públicos para pagarle al psiquiatra que él escoja.

Se dictará Sentencia de conformidad4.


                        FRANCISCO REBOLLO LOPEZ
                             Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

 Recurrido

  v.         CC-2000-68  CERTIORARI

Eric Encarnación Santos

 Acusado-peticionario




SENTENCIA


San Juan, Puerto Rico, a 3 de marzo de 2000


 Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto solicitado y se dicta Sentencia modificando la emitida por el Tribunal de Circuito de Apelaciones --a los efectos de que el tribunal de instancia debe designar un perito psiquiatra que no labore para el Gobierno de Puerto Rico para que examine y asista durante el proceso al acusado peticionario en relación con la defensa de insanidad mental-- y así modificada, se confirma la misma; devolviéndose el caso al tribunal de instancia para procedimientos ulteriores consistentes con lo aquí resuelto.

 Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre en el resultado sin opinión escrita.


       Isabel Llompart Zeno
       Secretaria del Tribunal Supremo